[Cite as *State v. Lilly*, 2022-Ohio-3521.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,

      v.

DOUGLAS P. LILLY,

      DEFENDANT-APPELLANT.

CASE NO. 8-22-13

O P I N I O N

Appeal from Bellefontaine Municipal Court
Trial Court No. 21-TRC-02573

Judgment Affirmed in Part
Reversed in Part

Date of Decision:  October 3, 2022

APPEARANCES:

    *Marc S. Triplett* for Appellant

    *Crystal K. Welsh* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Douglas P. Lilly ("Lilly") brings this appeal from the judgment of the Bellefontaine Municipal Court denying his motion to suppress. On appeal, Lilly argues that the trial court's decision was against the manifest weight of the evidence and that the trial court used an incorrect test in reaching its judgment. For the reasons set forth below, the judgment is affirmed in part and reversed in part.

{¶2} On July 22, 2021, Deputy Cole Piatt ("Piatt") was observing traffic on US 33. Tr. 11. Piatt saw a silver Ford pass going much slower than the posted speed limit causing vehicles to go around it. Tr. 11. Piatt then pulled out to observe the driving. Tr. 11. While following the vehicle, Piatt did not observe any driving infractions, but noted that there was no visible county number sticker or county name on the rear license plate as is required by R.C. 4503.21(A). Tr. 11-12. Piatt then initiated a traffic stop and identified the driver as Lilly. Tr. 12.

{¶3} While speaking with Lilly, Piatt detected a moderate odor of an alcoholic beverage coming from within the vehicle. Tr. 12. When questioned, Lilly admitted that he had been drinking "hours ago." Doc. 13 and Tr. 12. Piatt noted that Lilly's speech was slurred and his actions appeared "sluggish". Tr. 13, 23. Piatt then asked Lilly to exit the vehicle. Tr. 13. Lilly was initially unsteady on his feet and brushed up against the vehicle as he walked towards the patrol car. Tr. 13. Lilly agreed to allow Piatt to conduct the Horizontal Gaze Nystagmus test. Doc. 13. After the test was complete, Piatt noted there were six out of six clues, along with Lilly swaying during

the test. Tr. 18. Once this test was completed, Lilly admitted that he had drank three beers approximately two to three hours earlier. Tr. 18.

{¶4} Piatt also conducted a walk-and-turn test with Lilly. Tr. 19. Lilly stepped off the line, failed to touch heel to toe, and used his arms to balance. Tr. 21. Of the eight possible clues, Lilly showed three. Tr. 20-21. Piatt then conducted the one-leg stand test. Tr. 21. Lilly placed his foot on the ground more than three times and was unable to finish the test. Tr. 22-23. As a result of Lilly's performance on the field sobriety tests, Piatt arrested Lilly for Operating a Motor Vehicle While Under the Influence of Alcohol and/or Drugs of Abuse ("OVI") in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree. Doc. 1. Piatt then took Lilly to the jail and performed a chemical breathalyzer test. Tr. 23-25. The result of the test showed a blood alcohol content of 0.145 g/210L. Doc. 15.

{¶5} On August 30, 2021, Lilly filed a motion to suppress alleging that 1) the stop was unlawful; 2) the field sobriety tests were not performed in substantial compliance with the applicable standards; 3) statements were obtained from Lilly after he was taken into custody without first warning Lilly of his right to remain silent.; 4) the breathalyzer test was done without advising Lilly of his right to independent testing; and 5) the breathalyzer test was not completed in compliance with Ohio Department of Health rules. Doc. 47. A hearing was held on the motion to suppress on December 28, 2021. Doc. 86. Following the hearing, the trial court entered judgment denying the motion to suppress. Doc. 86. On March 18, 2022, Lilly changed his plea to one of no

contest and the trial court found him guilty of OVI with refusal.[1]  Doc. 120. Lilly

appeals from this decision and on appeal raises the following assignment of error.

> **The trial court erred when it overruled [Lilly's] motion to suppress.**

{¶6} Lilly claims in the sole assignment of error that the trial court erred in

denying his motion to suppress.

> **An appellate review of the trial court's decision on a motion to suppress involves a mixed question of law and fact. * * * We will accept the trial court's factual findings if they are supported by competent, credible evidence, because the "evaluation of evidence and the credibility of witnesses" at the suppression hearing are issues for the trier of fact. * * * But we must independently determine, without deference to the trial court, whether these factual findings satisfy the legal standard as a matter of law because "the application of the law to the trial court's findings of fact is subject to a de novo standard of review." * * ***

*State v. Urdiales*, 3d Dist. Henry No. 7-15-03, 2015-Ohio-3632, ¶ 12, 38 N.E.3d

907. (citations omitted).  Lilly is only challenging the decision of Piatt to continue

to detain him after the initial stop.  Appellant's Brief at 7.

{¶7} Lilly presents three arguments in support of his claim.  The first and the

third both argue that the trial court's factual findings are against the manifest weight of

the evidence and are in error.  A traffic stop may be prolonged if an officer has a

reasonable, articulable suspicion of criminal activity.  *State v. Skaggs*, 3d Dist.

Crawford No. 3-20-13, 2021-Ohio-2803, ¶ 12.  "[T]he 'reasonable and articulable'

---

[1] This Court notes that the charging document does not indicate that there was any refusal and to the contrary shows a result for the test given.

standard applied to a prolonged traffic stop encompasses the totality of the circumstances and that a court may not evaluate in isolation each articulated reason for the stop." *State v. Batchili*, 113 Ohio St.3d 403, 2007-Ohio-2204, ¶ 17, 865 N.E.2d 1282.

{¶8} The trial court made the following factual findings regarding why the initial stop was continued.

> **Deputy Piatt observed a plate violation in that he did not have the appropriate county sticker, in violation of [R.C. 4503.21(A)]. At this point, Deputy Piatt initiated a traffic stop based on the plate violation. Upon interaction with the Defendant, the operator of the vehicle, Deputy Piatt observed unopened alcoholic beverages in the front seat, an odor of alcoholic beverage, sluggish actions from the Defendant and slurred or sluggish speech. Upon inquiry about the odor, the Defendant admitted to consuming alcohol earlier in the day. There was sufficient cause to further detain the Defendant based on a totality of the circumstances.**

Doc. 86 at 2. All of these findings were supported by the testimony of Piatt. Lilly claims that the testimony regarding Lilly's slurred speech and "sluggish" movements was not supported by the video from the dash camera. A review of the footage is not dispositive of whether Lilly was slurring his speech or moving slowly. However, even if it were, the dash camera footage does not address the odor of an alcoholic beverage, the closed containers of alcohol in the vehicle, and Lilly's admission that he had been drinking in the last few hours. Given this evidence, the officer had a reasonable, articulable suspicion that Lilly might have been driving under the influence of alcohol - noticeably slow speed, smell of alcoholic beverage,

and admission - to continue the stop and to perform the field sobriety tests. Thus, the trial court's factual determinations were not against the manifest weight of the evidence and the trial court did not err in determining that there was reasonable, articulable suspicion to prolong the stop.

{¶9} Lilly's second argument is that the trial court failed to consider all of the evidence, focusing exclusively upon the testimony of Piatt. In support of this argument, Lilly points to the factual findings of the trial court as "proof" that the trial court did not consider all of the evidence. However, the record shows that the trial court listened to all the testimony, including the cross-examination of Piatt, and observed the footage from the dash camera. There is nothing in the record to indicate that the trial court did not consider all of the evidence. The trial court, as the trier of fact in this matter, can weigh the evidence and determine what to believe. This Court must accept the factual findings of the trial court if there is competent, credible evidence in the record to support it. *Urdiales, supra.* As the trial court's findings are supported by competent, credible evidence, this Court will accept those findings. The assignment of error is overruled.

{¶10} Although this Court affirms the judgment of the trial court as to the motion to suppress, a review of the record shows that the conviction stated in the judgment entry does not match the offense listed on the charging document. The charging document does not indicate any refusal of sobriety tests. The trial court in its judgment entry indicates that there was a refusal. This Court notes that no

transcript of the change of plea or sentencing was provided to this Court for review. The record shows that Lilly did not refuse to take the test. Piatt testified that after reading Ohio BMV form 2255 to Lilly and observing Lilly for 20 minutes, Lilly "submitted to a chemical breathalyzer test." Tr. 25. This testimony was not contradicted and the charging document shows a BAC of .145. Doc. 1. Therefore, the judgment entry of conviction indicating that Lilly refused the chemical breathalyzer test was in error. The matter is remanded to the trial court for further proceedings consistent with this opinion.

{¶11} Having found prejudicial error in the particulars assigned and argued, the judgment of the Bellefontaine Municipal Court is affirmed in part and reversed in part.

*Judgment Affirmed in Part*
*Reversed in Part*

**ZIMMERMAN, P.J. and MILLER, J., concur.**

**/hls**